Before STATE INDUSTRIAL BOARD, Respondent.

EDWARD S. KLOCK, Respondent, *v.* WILLIAM A. ROGERS, LTD., and Another, Appellants.

Third Department, May 6, 1925.

Workmen's compensation — award — injury to middle finger of right hand resulting in one hundred per cent loss of use — prior injury to right index finger for which award was made and paid — error under Workmen's Compensation Law of 1922, § 15, subd. 7, to make award on basis of forty-two per cent loss of right hand less amount paid on prior award — second injury cannot be considered in conjunction with prior injury and award made on basis of loss of use of hand.

The claimant who had lost his right index finger prior to the accident in question and had been paid compensation therefor, was not entitled on the total loss of the middle finger of his right hand to an award on the basis of forty-two per cent loss of the use of his right hand, less the amount paid for the previous injury, for, under subdivision 7 of section 15 of the Workmen's Compensation

Law of 1922, the State Industrial Board did not have the power to consider the present injury in conjunction with the previous injury and make an award on the basis of the partial loss of the use of the hand.

APPEAL by William A. Rogers, Ltd., and another from an award of the State Industrial Board, made on the 1st day of April, 1924, granting to the claimant forty-two per cent for loss of use of the right hand, less the amount of an award which had been made and paid for the loss of the index finger of said hand, due to a previous injury.

Dudley, Stowe & Sawyer [Harry J. Kelly of counsel], for the appellants.

Albert Ottinger, Attorney-General [E. C. Aiken, Deputy Attorney-General, of counsel], for the respondents.

McCANN, J.:

Eight years or more prior to the present award the claimant lost his right index finger. He was awarded and paid for permanent partial disability the schedule allowance of forty-six weeks at twenty dollars per week. On May 11, 1923, he sustained another injury as the result of which he has suffered a one hundred per cent loss of the use of the middle finger of the same hand, the finger having been amputated at the second joint. The findings of the Industrial Board are to the effect that claimant shall be allowed forty-two per cent loss of the use of his right hand amounting to " 102.48 weeks, less 46 weeks which have been paid for the loss of the index finger due to a previous injury, at the rate of $20 per week, amounting to $1,129.60." There is no dispute as to the facts and the only question presented on this appeal is whether or not having been awarded compensation for the loss of his right index finger, the subsequent injury resulting in the loss of his middle right finger through a one hundred per cent loss of the use thereof, instead of being computed as a schedule percentage loss for such finger, can be considered as the loss of use of part of the whole hand. Subdivision 7 of section 15 of the Workmen's Compensation Law of 1922 reads as follows:

" Previous disability. The fact that an employee has suffered previous disability or received compensation therefor shall not preclude him from compensation for a later injury nor preclude compensation for death resulting therefrom; but in determining compensation for the later injury or death his average weekly wages shall be such sum as will reasonably represent his earning capacity at the time of the later injury, _provided, however, that an employee who is suffering from a previous disability shall not receive compensation for a later injury in excess of the compensation allowed_

*for such injury when considered by itself and not in conjunction with the previous disability.*" (The italicized portion was added to Workmen's Compensation Law of 1914, § 15, subd. 6, as amd. by Laws of 1915, chap. 615, continued by Laws of 1916, chap. 622, and Laws of 1917, chap. 705, and re-enacted by Workmen's Compensation Law of 1922, § 15, subd. 7.)

Under this amendment, the appellants claim that the award is illegal. Subdivision 3 of section 15 of the Workmen's Compensation Law of 1914 (as since amd. by Laws of 1916, chap. 622; Laws of 1917, chap. 705, and Laws of 1920, chaps. 532, 533) and subdivision 3 of section 15 of the Workmen's Compensation Law of 1922 each prescribes specific schedule awards in each of the cases of injury involved in this controversy. The first award was allowed as per schedule for forty-six weeks' disability. The second award, if treated as a schedule loss of the second finger, would have been compensation for thirty weeks. The difference in the two awards based upon $20 per week earning capacity would have been $529.60 less had the awards been made separately instead of treating the two injuries as one and as a percentage loss of the use of the whole hand. The amendment of 1915 made a material change in the law. (*Matter of State Industrial Commission* v. *Newman,* 222 N. Y. 363; *Ladd* v. *Foster Bros. Mfg. Co.,* 205 App. Div. 794.) The cases cited by counsel which were decided prior to the amendment are no longer applicable and those cited which were decided after the amendment do not present an analogous statement of facts. (See *Herrman* v. *Potter Corp.,* 196 App. Div. 913, where there was an accident to the left hand and later the loss of use of the left arm.)

There are two classes of cases to be considered: (1) Those where two separate and individual members are successively injured, neither of which is a part of or included within the other, as in the case of injuring successively two hands or two arms; (2) where the second injury is to a member which includes within its functions and as a physical part thereof that member which had been previously injured, as in the case of an injury to the right arm, following an injury to the right hand.

The case at bar falls within the first class mentioned. The two fingers which have been lost are part of one member, the hand. The schedule awards (§ 15, subd. 3) provide the number of weeks' compensation for the loss of digits, each digit being specifically enumerated. It also fixes the number of weeks' compensation for the loss of the whole hand.

The error made by the Board consists in treating the loss of the second finger as a partial loss of the use of the hand and in not confining itself to the schedule fixed; in other words, it has not

considered this injury by itself but in conjunction with the previous disability.

The award should be reversed and, it appearing that a schedule award for thirty weeks for injury to the second finger has been paid, the claim for a further award should be dismissed, with costs against the State Industrial Board.

All concur..

Award reversed, and it appearing that a schedule award for thirty weeks for injury to the second finger has been paid, the claim for a further award is dismissed, with costs against the State Industrial Board.