[Civ. No. 830.   Fourth Appellate District.—June 14, 1933.]

THE PEOPLE, Appellant, v. STANDARD OIL COMPANY OF CALIFORNIA (a Corporation), Respondent.

A. I. Townsend for Appellant.

Pillsbury, Madison & Sutro, Felix T. Smith, Harley C. Stevens and Francis Gill for Respondent.

Bronson, Bronson & Slaven and Harold R. McKinnon, as *Amici Curiae*.

BARNARD, P. J.—On January 13, 1930, one Jack P. Dunn sustained injuries arising out of and in the course of his employment by the defendant, which caused his death on the same day. The defendant is a self-insurer under and by virtue of the provisions of the Workmen's Compensation, Insurance and Safety Act, and the said Dunn left no dependents. On August 4, 1932, this action, based upon the provisions of section 9, (b) 2 (10) of chapter 222 of the Statutes of 1929 (page 423 et seq.), was brought by the Industrial Accident Commission in the name of the People of the State of California, to collect from the defendant the sum of $300 alleged to be due and owing from the respondent to the State of California on account of said death. A demurrer to the complaint was sustained on the ground that the same failed to state a cause of action and from the ensuing judgment this appeal has been taken.

The main question presented is whether those portions of this amendment to the Workmen's Compensation Act which provide for the creation and enforcement of an employer's liability, in compensable death cases where the employee leaves no dependents, to pay the sum of $300

into what is known as the subsequent injuries fund, to be used for the purposes named in the act, are unconstitutional as in contravention of section 21 of article XX of the Constitution of this state. While this precise question has not heretofore been passed upon, that portion of this amendment which purported to confer upon the Industrial Accident Commission the power to enforce such a liability as is here relied upon was held unconstitutional in the case of *Commercial Cas. Ins. Co.* v. *Industrial Acc. Com.*, 211 Cal. 210 [295 Pac. 11, 13]. A somewhat similar act, having a similar purpose, was adopted in 1919 (Stats. 1919, p. 273), a portion of which was held unconstitutional in the case of *Yosemite L. Co.* v. *Industrial Acc. Com.*, 187 Cal. 774 [204 Pac. 226, 228, 20 A. L. R. 994]. The effect of that decision was held in *People* v. *Yosemite Lumber Co.*, 191 Cal. 267 [216 Pac. 39, 40], to be to render the entire amendment of 1919 void, since no jurisdiction over the enforcement of its provisions was therein conferred upon the courts.

It is appellant's contention that neither the cases referred to nor the principles therein set forth are controlling here, for the reason that the 1929 act materially differs from the 1919 act in that it specifically confers jurisdiction upon the courts to enforce the liability attempted to be created. The argument is made that the opinion in the earliest of the cases referred to conceded that the legislature might, under its general powers, provide a fund of the general nature of that involved here; that certain questions were reserved as not necessary to the decision of the two later cases; and that anything said in any of these cases to the effect that the form of liability attempted to be created by these acts was beyond the power of the legislature, was unnecessary to the respective decision.

In the case of *Yosemite L. Co.* v. *Industrial Acc. Com., supra,* it was pointed out that the second paragraph of section 21 of article XX of the Constitution confers no authority to create a tribunal with any other judicial power than to settle disputes arising under legislation authorized by the first paragraph of the section. The court then examines the first paragraph of the section and comes to the conclusion that it provides only for the creation of a liability upon the part of an employer to compensate his own employees for injuries arising out of the employment, or the dependents

of such an employee if the injury results in death. In this connection the court said:

"The first grant to the legislature by the new section is the grant of power 'to create and enforce a complete system of workmen's compensation.' This does not authorize the creation of a liability on any person to pay such 'compensation,' or require any person to contribute funds to support the proposed system. It does not purport to touch upon the subject of liabilities.

"The next phrase of the new section empowers the legislature 'in that behalf to create and enforce a liability on the part of any and all persons to compensate any and all of *their* workmen for injury or disability, and their dependents for death incurred or sustained by the said workmen in the course of their employment.' This does not authorize the creation of a liability on the part of any person to compensate the workmen of other persons, nor the dependents of workmen of other persons. The phrase 'their workmen' necessarily confines the persons to be compensated to workmen who are in the employ of the person who is made liable. This is also shown by the provision that if the workman is killed by an injury in the course of his employment, the compensation is to be made to his 'dependents,' thus excluding any idea of liability in such a case to provide for the welfare of workmen in general, or of a particular class of disabled workmen, in no way connected with the employer who is made liable for the particular injury. Nothing is added to the force of the provision by the use of the word 'plenary.' If the legislature has power to do a certain thing, its power to do it is always plenary. It is merely surplus verbiage.

"The use in this clause of the words 'any and all persons,' in describing those made liable, and the words 'any and all of their workmen,' in describing those to be compensated, do not show an intent to empower the legislature to enlarge the liability against a particular employer for a particular injury so as to include compensation to workmen in general as a class, or a contribution to a fund to be applied to the benefit of a class of persons, instead of to the dependents of the workman who may be killed by the injury.

"Nor is such enlarged meaning given to the section by the use of the phrase 'complete system of workmen's compensa-

tion', in the opening clause, or by the elaborate definition of that phrase which follows the first sentence. The section mentions and describes but one kind of liability: the liability of 'any or all persons' to compensate 'any or all of *their workmen*'. This is in effect a provision to compel any person to compensate *his* workmen, which is but another form of saying that any employer shall compensate *his* employee, for an injury arising out of the employment, or the dependents of such employee, if the injury causes death to him. The language of neither one of these parts of the section shows or expresses an intent to add another liability to that expressly stated. In these circumstances the maxim '*expressio unius, est exclusio alterius*' is applicable, and the meaning to be inferred is that only which is explicitly stated. And particularly it should not be inferred or implied from such language that so novel and different a thing was intended as the liability to the state which is imposed by the act of 1919.''

After reviewing the arguments which had been submitted to the voters in support of the constitutional amendment which is now section 21 of article XX, and further stating that the statute under consideration was in fact a tax measure and that the constitutional amendment was not intended to provide for taxation of any kind, the court said:

''Our conclusion is that section 21 of article XX, as amended in 1918, did not authorize the legislature to impose a liability on an employer to pay money to the state for the purposes specified in the act of 1919. It follows by necessity that said section gives no authority to the legislature to confer on the industrial accident commission jurisdiction to determine any dispute that may arise concerning the liability of employers sought to be imposed by said act of 1919.''

The conclusion thus reached, that the jurisdiction attempted to be conferred upon the commission by that act was not authorized by the constitutional amendment, was based upon the holding that the amendment did not authorize the legislature to impose a liability upon an employer to pay money to the state for the purposes specified in the act, and that the rule of express mention and implied exclusion applied. If the reasoning of that case is correct, the constitutional amendment referred to not only limits the power of

the legislature in conferring jurisdiction upon the commission in such a case, but also prevents its authorizing a court to enforce a liability which it has not the power to create.

The reasoning and conclusions of that case were expressly reaffirmed in *People* v. *Yosemite Lumber Co., supra,* in which case it is said:

"In deciding that question this court held that under the amendment of section 21 of article XX of the state Constitution, adopted in 1918, investing the legislature with power to create a system for the enforcement of workmen's compensation through and by means of an industrial accident commission, the powers of the legislature in that regard were limited thereby to the investment of the said commission with jurisdiction to create and enforce a liability on the part of employers to compensate *their* workmen and surviving dependents for injuries sustained or death incurred by such workmen in the course of their employment, and that such constitutional grant of power to the legislature did not authorize it to invest said commission with jurisdiction to create or enforce a liability on the part of employers to compensate the workmen of other employers, or dependents of such workmen, or to require the employers of workmen killed during the course of their employment, but leaving no surviving dependents to pay into the state treasury the sum provided in said act of 1919 for the rehabilitation and reeducation of persons injured in the service of other employers than those upon whom the liability to make said payment was by said act imposed; and that said act, in so far as it attempted in sections 5 and 6 thereof to invest such commissions with such jurisdiction, was unconstitutional and void."

However, in that case, after recognizing the plausibility of an argument to the effect that section 21 of article XX of the Constitution so limited the power of the legislature that it could not impose a liability upon employers for compensation to other than their own employees and their dependents, the court held it unnecessary to decide such a question.

In *Commercial Cas. Ins. Co.* v. *Industrial Acc. Com., supra,* that part of the 1929 statute which purports to confer jurisdiction upon the Industrial Accident Commission in a dispute of this nature was before the court. After

reviewing and approving the reasoning and conclusion in the case of *Yosemite L. Co.* v. *Industrial Acc. Com., supra,* and in passing upon a claimed difference between the objects and purpose of the statute under consideration and the statute of 1919, the court points out that the 1929 act imposes a liability upon an employer to make a payment which may be used in whole or in part to compensate employees who are not and never have been in his service. In considering a contention there made that a reasonable construction of section 21, article XX, of the Constitution permits legislation of this character the court says:

"The above provision of this section of the Constitution, both that quoted and relied upon by the respondent and the latter part thereof which we have quoted, must be read together, as the two parts form but one complete sentence. As so read, we think that the intent of the framers thereof is clear and unambiguous, and that they intended by this amendment of the Constitution to limit the power of the legislature in enacting a Workmen's Compensation Act to provide for the compensation by the employers of their own employees, and that any legislation which exceeds these limits is beyond the power of the legislature, and, therefore, void."

While holding void the particular subsection then under consideration, the court declined to consider the question of the validity of other portions of the act as not involved in that case.

The appellant argues that all that was decided in *Yosemite L. Co.* v. *Industrial Acc. Com., supra,* was that under the constitutional provision the legislature was without power to confer upon the commission jurisdiction over such a dispute as was then under review, and that anything else appearing in the decision in that case was *dicta.* It is then contended that section 21 of article XX of the Constitution has not limited the power of the legislature to making provision for the creation and enforcement of a liability on the part of employers to compensate their own employees and their dependents for injuries or death incurred in the course of the employment, but that this section expressly authorizes the legislature to provide for "any and all workmen incurring injury in the course of their employment", thus conferring an express authority to impose a liability upon an employer

to compensate all workmen no matter by whom they are employed, and further, that aside from the constitutional provision authority for the legislation here in question may be found in the general police power of the state. However, in the case just mentioned, the court held and based its decision upon the proposition that the liability attempted to be imposed was unconstitutional and void, and that it necessarily followed that the power to adjudicate such a matter could not be conferred upon the commission. The court analyzed the respective portions of the constitutional amendment and concluded:

"The section mentions and describes but one kind of liability: the liability of 'any or all persons' to compensate 'any or all of *their workmen*'. This is in effect a provision to compel any person to compensate *his* workmen, which is but another form of saying that any employer shall compensate *his* employee, for an injury arising out of the employment, or the dependents of such employee, if the injury causes death to him. The language of neither one of these parts of the section shows or expresses an intent to add another liability to that expressly stated. In these circumstances the maxim '*expressio unius, est exclusio alterius*' is applicable, and the meaning to be inferred is that only which is explicitly stated."

That this constitutional amendment limits the liability that may be imposed by legislative action to that of an employer in connection with his own employees is reaffirmed in the case of *People* v. *Yosemite Lumber Co., supra,* and while this particular portion of the opinion may not have been necessary to the decision of that case, it has considerable persuasive force under the circumstances. The same may be said of the decision in the case of *Commercial Cas. Ins. Co.* v *Industrial Acc. Com., supra,* and while the court there confined its decision to that portion of the statute now under review which attempted to confer jurisdiction in such matters upon the Industrial Accident Commission, it is again stated that the intention of the constitutional amendment is plainly to limit the power of the legislature, in enacting a Workmen's Compensation Act, to making provision for the compensation by an employer of his own employees and that any legislation which exceeds such limits is void.

However beneficial and desirable may be the ends sought to be accomplished by the provision here in question, we feel that the decisions we have cited and the principles therein laid down are controlling here. While the decisions in *Yosemite L. Co.* v. *Industrial Acc. Com., supra,* and *Commercial Cas. Ins. Co.* v. *Industrial Acc. Com., supra,* were limited to the question as to whether jurisdiction had been conferred by the respective acts upon the Industrial Accident Commission, both decisions were based upon the ground that the legislature had exceeded the limits of the constitutional enabling clause and, in the latter case, that the constitutional provision limited the power of the legislature to providing for compensation by an employer in connection with his own employees only.

If this conclusion is correct, section 21, article XX, of the Constitution not only does not grant the power in question but expressly limits the same to the liability of an employer to and for his own employees. It follows that the legislature may not under the general police power of the state make such a provision as is here attempted. In the absence of any constitutional restriction it has been held that it was within the general police power of the state to enact a similar statute. (*State Ind. Com.* v. *Newman,* 222 N. Y. 363 [118 N. E. 794].) It has also been held that a statute of this nature is not in conflict with the Fourteenth Amendment to the federal Constitution. (*Sheehan* v. *Shuler,* 265 U. S. 371 [44 Sup. Ct. 548, 68 L. Ed. 1061, 35 A. L. R. 1056]; *Mountain Timber Co.* v. *Washington,* 243 U. S. 219 [37 Sup. Ct. 260, 61 L. Ed. 685, Ann. Cas. 1917D, 642].) A different situation is presented where the power of the legislature has been definitely limited by a constitutional provision adopted by the people, who have thus placed their own limitation upon the power, police or otherwise, which may be used in the particular matter involved. In this particular contention the appellant relies upon certain language used in *Yosemite L. Co.* v. *Industrial Acc. Com., supra,* where it is stated that it may be conceded that under its general powers the legislature might provide a fund for the benefit of all persons disabled in industry in this state. In view of all the language used in that decision, we do not understand the portion here particularly referred to as conceding that such a fund might be provided for by the legis-

lature, under its general powers, to be created in the manner attempted in the act of 1919 and again in the act of 1929, in the face of the constitutional provision. The language referred to contains no concession that such a fund might be created by increasing the liability of an employer from one in relation to his own employees in case of injury, to one involving the providing of compensation in whole or in part for the employees of others. This conclusion is confirmed by the above quotation from the later case of *Commercial Cas. Ins. Co.* v. *Industrial Acc. Com., supra.*

A number of other points are raised, notably that the portion of the statute which is here attacked, being a tax measure, imposes a tax without regard to its uniformity of application; that it discriminates without jurisdiction among those within the class it purports to tax; and that it lays the entire burden of a tax for the purpose of compensating all workmen engaged in industry in this state who may be injured in a certain manner, upon a very small proportion of the employers of the state. In view of the conclusion we have reached upon the main issue presented, it becomes unnecessary to consider these other questions.

It is our conclusion that those portions of subsection 10 of section 9 of chapter 222 of the Statutes of 1929, which purport to create and enforce a liability upon the part of an employer to provide compensation for workmen not employed by him, are unconstitutional and void.

The judgment appealed from is affirmed.

Marks, J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 10, 1933.