452

In the Matter of the Claim of ETHEL M. MURRAY, Respondent, *v.* FARMINGDALE FEDERAL SAVINGS & LOAN ASSOCIATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 2, 1960.

*Ralph S. Stowell* and *Joseph D. Edwards* for appellants.

*Louis J. Lefkowitz,* Attorney-General (*Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

COON, J. This is an appeal by the employer and carrier from an award directing the carrier to pay the sum of $1,946.85 into the Special Fund under section 25-a of the Workmen's Compensation Law. The only contention of appellants on this appeal is that they have already paid $2,026.50 to the widow of decedent

and, therefore, no further payment is due under the provisions of subdivision 3 of section 25-a of the Workmen's Compensation Law.

The deceased employee died as a result of accidental injuries sustained in his employment and the carrier commenced payments of death benefits to the widow, his only dependent. The widow brought a third-party action which was settled with Surrogate's approval, and the widow received a net recovery of $31,373.95, resulting in suspension of compensation payments until June 13, 1984. The present value of payments beyond that date has been fixed at $53.15, and the board has ordered that amount paid into the Aggregate Trust Fund under section 27 of the Workmen's Compensation Law.

The provisions of section 25-a pertinent here are: "where there are persons entitled to compensation but the total amount of such compensation is less than two thousand dollars exclusive of funeral benefits, the * * * carrier shall pay into such fund the difference between the sum of two thousand dollars and the compensation, exclusive of funeral benefits, actually paid to or for the dependents of the deceased employee".

Prior to the settlement of the third-party action the carrier had paid to the widow for death benefits the sum of $4,053, for which it had an absolute lien upon the proceeds of settlement pursuant to subdivision 1 of section 29 of the Workmen's Compensation Law. Had the carrier elected to recover the full amount of its lien it would have been in the same position as if it had only paid the deficiency of $53.15 above mentioned. However, in settlement proceedings before the Surrogate the carrier voluntarily waived one half of its lien, and only recovered $2,026.50, on its lien. The contention here is that the other one half ($2,026.50) which it did not recover, exceeded $2,000, was a payment of compensation to the widow, and, therefore, no further payment is due under section 25-a. We do not think that the board was bound to adopt such reasoning or to credit the carrier with a payment of compensation to which the widow was "entitled" merely because it voluntarily waived partial reimbursement when it had an absolute right to full reimbursement.

Of course the carrier benefited very substantially by the third-party action and by the settlement, and the only reasonable assumption is that it waived a portion of its lien for its own benefit to effectuate the settlement. We may not say as a matter of law that such a voluntary contribution is a payment of compensation to a person entitled thereto which prevents the board from making the award appealed from. *(Matter of Anderson v. Metro Decorating Co., 4 A D 2d 892.)*

The award should be affirmed, with costs to the Workmen's Compensation Board.

BERGAN, P. J., GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.