[Civ. No. 45562. First Dist., Div. Three. Jan. 31, 1980.]

THE STATE OF CALIFORNIA, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, JOHN E.
BUTTERWORTH et al., Respondents.

674

COUNSEL

Evelle J. Younger and George Deukmejian, Attorneys General, Robert L. Bergman, Assistant Attorney General, and B. Franklin Walker, Deputy Attorney General, for Petitioner.

Amos & Klinger, David Klinger, Charles L. Swezey, William B. Donohoe, Dexter W. Young, Jones, Nelson, Sisk & Ford and Arthur H. Slipock for Respondents.

OPINION

**SCOTT, Acting P. J.**—In these three consolidated cases the petitioner, State of California, Department of Industrial Relations (hereafter State), challenges the Workers' Compensation Appeals Board (hereafter WCAB) determination that parents of deceased workers are dependents entitled to death benefits. The decedents, stewardesses employed by Pan American World Airways, were killed in a 1974 airplane crash in Indonesia. The three women left no spouses and no children. The parents of each claim partial dependency.

The statutes governing death benefits are found in Labor Code sections 4700-4709. Labor Code section 4701 provides that when an industrial injury causes death "either with or without disability, the employer shall be liable, in addition to any other benefits provided by this division, for:...(b) A death benefit, to be allowed to the dependents when the employee leaves any person dependent upon him for support."

At the time of the deaths, Labor Code section 4702 provided for a death benefit "in cases of total dependency" of $40,000 except in the

case of a surviving widow and one or more dependent minor children, in which case the death benefit shall be $45,000. That section further provided that "[i]n cases of partial dependency the death benefit shall be a sum equal to four times the amount annually devoted to the support of the dependents by the employee, not to exceed the sum of forty thousand dollars ($40,000)." (The figures are now $50,000 and $55,000.)

Labor Code section 4706.5, subdivision (a) provides that "[w]henever any fatal injury is suffered by an employee under such circumstances as to entitle the employee to compensation benefits, but for his or her death, and such employee does not leave surviving any person entitled to a dependency death benefit, the employer shall pay a sum to the Department of Industrial Relations equal to the total dependency death benefit that would be payable to a surviving spouse with no dependent minor children." By virtue of this section the State claims entitlement to death benefits resulting from the deaths of the stewardesses. The State contests the award to the parents, contending that the parents have failed to establish partial dependency, thus entitling the State to the benefits.

In 1975 the parents of each of the three deceased stewardesses filed applications for death benefits. The employer, Pan American World Airways, and its insurance carrier, the Travelers Insurance Company, entered into stipulations with each set of parents on March 4, 1976, stating that the parents were partially dependent by virtue of having received a specified sum per year in "direct support and associated benefits." The sums per year were $2,500 in one case and $3,250 and $5,560 in the other two cases. The employer and the carrier stipulated to awards of four times those amounts (Lab. Code, § 4702) and to attorneys' fees for the applicants' attorneys.

On March 16, 1976, the State was made a party defendant by virtue of its possible claim under Labor Code section 4706.5. In a subsequent hearing the workers' compensation judge approved an award to the parents of the decedents in accordance with the stipulations. No other evidence was presented by the parents, the airline or the State. The WCAB affirmed the compensation judge's award. ▮ The State contended before the WCAB, as it does here, that it was not a party to the stipulations and as such was not bound by them; thus there was not substantial evidence to support the WCAB's determination that the parents were partially dependent upon their daughters. ▮ The

State asserts that the burden rested upon the parents to present evidence that they were dependent upon their daughters and to what extent.

The State contends that the parents had the burden of presenting evidence of dependency and that the stipulations they entered into with Pan American World Airways, to which the petitioner was not a party, did not shift the burden of proof or the burden of presenting evidence to the petitioner. Thus, petitioner asserts, there was a complete failure of proof, which should have defeated the parents' claims, and therefore the State is entitled to the full sum of the death benefits. The amount to which the State claims entitlement is that which "would be paid to a surviving spouse with no dependent minor children" (Lab. Code, § 4706.5, subd. (a)), that is, $40,000 to each dependent (Lab. Code, § 4702).

■ We conclude that the State is correct in that it is not bound by stipulations to which it was not a party. ■ However, just as the claimants have the burden of proving dependency, the State has the burden of proof to demonstrate that it is entitled to benefits under Labor Code section 4706.5, subdivision (a). Since the State has failed to prove that it is entitled to benefits, we affirm the decision of the WCAB.

The parties to a dispute may enter into binding stipulations. Labor Code section 5702 provides: "The parties to a controversy may stipulate the facts relative thereto in writing and file such stipulation with the appeals board. The appeals board may thereupon make its findings and award based upon such stipulation. . . ." Furthermore, when parties to an action stipulate to the facts, or the ultimate facts as was done here between the parents and the employer, it does not mean that the WCAB is bound by the stipulation. In *Turner Gas Co.* v. *Workmen's Comp. Appeals Bd.* (1975) 47 Cal.App.3d 286 [120 Cal.Rptr. 663], the court held that stipulations are not binding upon the appeals board or the referee, and the board or referee may reject a stipulation and base the decision on evidence presented at the hearing. However, a stipulation is evidence upon which a judgment may be made, and may by itself constitute substantial evidence in support of such judgment. ■ In the instant case, the workers' compensation judge approved the stipulations between the parents and the employer, fixing as between those parties their rights and obligations. The stipulations are not binding, however, nor do they constitute evidence against the State.

█ Having arrived at this conclusion, it does not follow that the parents must lose for failing to meet their burden of presenting evidence of dependency, because Labor Code section 4706.5, subdivision (a) places a burden of proof upon the State as well to perfect its claim to prove *absence* of dependency. By its language section 4706.5, subdivision (a) provides that the State will only receive the funds payable as a result of a fatal industrial injury in the absence of any dependent. Therefore, as written, the statute calls for the State to prove the absence of dependency of any class. In any case where the State is claiming benefits under section 4706.5, subdivision (a), it has a burden of proof equal to that of any other claimant to death benefits. That burden of proof is set forth in the statute, requiring the State to prove that "such employee does not leave surviving any person entitled to a dependency death benefit." █ █ █ Absent such proof, the State is entitled to no benefits under Labor Code section 4706.5, subdivision (a) on the basis that there are no dependents.[1]

█ Since the claimants and the State both have burdens of proving their contradictory positions on dependency, some mechanism must determine which side will lose in the absence of proof. In the usual civil action, the plaintiff accepts the risk of loss in the absence of proof. We hold, however, that because of the different standards governing workers' compensation and because of the stipulations presented here, the WCAB properly placed that burden upon the State rather than upon the initial claimants.

By statute, compensation proceedings are designed to be informal and conducted without compliance with common law or statutory rules of evidence and procedure (see Lab. Code, §§ 5708, 5709). █ Thus,

---

[1]Recently, in *Department of Industrial Relations v. Workers' Comp. Appeals Bd.* (*Tessler*) (1979) 94 Cal.App.3d 72 [156 Cal.Rptr. 183], the court held that the state was entitled to the difference between the amount of the partial dependency allowance and the total dependency allowance provided for by Labor Code section 4702. This holding is not inconsistent with our holding here. The effect of *Tessler* is to make the state the residual beneficiary of all that is left after the dependency entitlements have been determined. The posture of this case is that the state, having failed in its burden of showing the absence of dependency, becomes entitled to whatever remains after distribution to the parents of the decedents, as determined in accordance with their stipulations with the employer. The *Tessler* holding negates the petitioner's claim that stipulations of the type entered into here could be collusive because of the financial incentive of the insurance carrier to settle with the dependents for less than the maximum amount of the death benefits. *Tessler* makes it clear that the insurance carrier is obligated to the maximum amount of the death benefits to dependents or the State or both.

while stipulations such as those entered here might be termed "nullities" as against the State in a civil proceeding, we see no bar to the WCAB utilizing these stipulations in determining which of the parties with a burden of proof on the dependency issue should bear the risk of loss in the absence of proof on the issue. The State was repeatedly warned of its need to present affirmative evidence and failed to do so. It was not improper for the WCAB to conclude that the State had failed to meet its burden of proof under Labor Code section 4706.5, subdivision (a).

Once the State had lost on the dependency issue, the fact that it did not join in the stipulations could not prevent the WCAB from relying upon them for purposes of making its determination of the amount of dependency. Its failure of proof on the issue barred it from challenging the validity of the evidence. In effect, the State was no longer a party to the dispute concerning dependency.

The State contends that to place the burden of proving that there are no dependents of the deceased employees is an unreasonable burden. It suggests that the State will in effect have to search the world for possible dependents. We do not share the State's pessimism. Initially, of course, as we have held, the Legislature placed the burden upon the State; therefore, the State must meet the burden, however difficult. Secondly, it is clear that the absence of claimed dependency within a reasonable time of the employee's death is evidence of no dependency (see Lab. Code, § 4706.5, subd. (g)), and as such would satisfy the State's burden of proof. If a dependency claim is made, as here, the basis therefor can be examined by interrogatories or depositions; furthermore, the claimant can be examined at the hearing before the workers' compensation judge.

The award of the WCAB is affirmed.

Feinberg, J., and Takei, J.,* concurred.

A petition for a rehearing was denied February 29, 1980.

---

*Assigned by the Chairperson of the Judicial Council.