In the Matter of the Claim of Caterina C. Battalico and Marie Battalico, Respondents, against Knickerbocker Fireproofing Co., Employer, and Globe Indemnity Company, Insurance Carrier, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 19, 1937.

*Ireland & Cohen* [*Jeremiah F. Connor* of counsel], for the appellants.

*Hardin, Hess & Eder* [*Irving I. Goldsmith* and *Walter M. Hinkle* of counsel], for Caterina C. Battalico.

*John J. Bennett, Jr., Attorney-General* [*Roy Wiedersum, Assistant Attorney-General,* of counsel], for the respondent State Industrial Board.

HEFFERNAN, J. The employer and insurance carrier have appealed from a determination of the State Industrial Board awarding death benefits in the sum of $5,936.38 to Caterina Carofiglio Battalico, the widow of Michael Battalico, the deceased workman, and also from a like award of $6,826.06 to four acknowledged illegitimate children of the deceased.

The record in this case tells a rather unusual and somewhat tragic story. Michael Battalico was born at the city of Bari, Italy, on April 16, 1894. There he wooed and wed Caterina Carofiglio. Their marriage occurred on February 10, 1921. A child, who survived but a few months, was born to them in December of the same year. Sometime in 1923 Battalico, for reasons unknown, emigrated to the United States and located in the city of New York. In that city on March 29, 1926, before a deputy clerk, while his marriage to Caterina was in full force and effect, he went through a form of marriage with Marie Giannone. This was subsequently followed by a religious ceremony by a clergyman in the church of which they were members. Although the appellants contend otherwise, there is no serious doubt about the fact that the man who pretended to marry Marie was then the faithless husband of Caterina. Marie, however, was entirely innocent of the deception perpetrated upon her. As a result of the bigamous union four children were born.

Battalico was employed as a laborer by appellant Knickerbocker Fireproofing Company, and on October 15, 1931, while engaged in the regular course of his employment, he sustained fatal injuries which resulted in his death on the same day. Thereafter Marie, on her own behalf, and on behalf of her minor children, filed with the Department of Labor a notice of election to sue Thompson-Starrett Company and Taylor Hydrolithic Company, third parties, through whose negligence it was claimed Battalico's death was caused. On the assumption that she was the genuine widow of deceased, Marie was awarded letters of administration on his estate by the Surrogate's Court of New York county. As such administratrix,

pursuant to the provisions of section 130 of the Decedent Estate Law, she instituted an action in the Supreme Court against the third parties to recover damages for the pecuniary injuries resulting from the decedent's death. That action was compromised by payment to the administratrix of the sum of $19,000 by the insurance carrier for the third parties which, unfortunately for it, is the same company which indemnified the employer. On the petition of the administratrix, the surrogate authorized the compromise and directed her to pay to her attorneys for their services in the action the sum of $4,000. Before the administratrix was permitted to receive the proceeds of settlement she was directed to file with the court a bond in the sum of $19,000. She complied with this requirement and filed such a bond, executed by herself, as principal, and by the National Surety Company, as surety. The administratrix received the money less the amount of counsel fees. None of it was paid to the children nor to any one on their behalf. Strange as it may appear, no guardian was appointed to represent them. Their mother, it is said, through unwise speculation, has dissipated the fund, and the surety company on her bond is in process of liquidation.

After the adjustment of the third-party action, the Industrial Board made an award of deficiency compensation to Marie, to become effective in the future.

After Battalico's disappearance the deserted wife patiently waited in her lonely Italian home for the message that never came from the man to whom she plighted her troth. She never knew that another had usurped her place until she received the announcement of her husband's death. Upon making this discovery, and within the statutory time, Caterina, through the resident Italian Consul, duly filed her claim for compensation. This claim was on file before the adjustment of the third-party action which Marie instituted. For some reason, difficult to understand, the Department of Labor and the insurance carrier failed to discover that conflicting claims by two women, each claiming to be the widow of the deceased, were filed. Somebody erred, and the blunder was not discovered until May, 1934. Hearings were then had, as a result of which the award for deficiency compensation to Marie was rescinded and the awards under review were made.

Appellants contend that Caterina's only remedy is a proceeding in the Surrogate's Court against Marie, as administratrix, and that the decree of that court, granting letters of administration, and its order permitting compromise of the third-party action, are not subject to collateral attack. We think otherwise.

Marie was not the widow of the deceased nor was she entitled to administer his estate. Her election to resort to a claim against third parties for causing decedent's death is a nullity. She is not a dependent of deceased under the provisions of the Workmen's Compensation Law, nor is she a distributee of his estate within the meaning of the Decedent Estate Law. Caterina is not bound by the decree and order of the Surrogate's Court. While that court had jurisdiction of the subject-matter, it never had jurisdiction of the lawful widow. The Surrogate's Court never having acquired jurisdiction of the person of the widow, its judgment is absolutely void, and may be attacked in a collateral proceeding. It is an elementary principle recognized in all the cases that, to give binding effect to a judgment of any court, whether of general or limited jurisdiction, it is essential that the court should have jurisdiction of the person as well as the subject-matter, and that the want of jurisdiction over either may always be set up against a judgment when sought to be enforced, or any benefit is claimed under it. (*Ferguson* v. *Crawford*, 70 N. Y. 253.) The want of jurisdiction to render the particular judgment may always be asserted and raised directly or collaterally, either from an inspection of the record itself when offered in behalf of the party claiming under it, or upon extraneous proof, which is always admissible for that purpose. There is but one solitary exception to this rule, and that is in a case where jurisdiction depends on a fact that is litigated in a suit and is adjudged in favor of the party who avers jurisdiction. (*O'Donoghue* v. *Boies*, 159 N. Y. 87.) Unless jurisdiction exist the judgment is not due process of law and is ineffectual for any purpose. No rights are in any way affected by it, and from it no rights can be derived and all proceedings founded thereon are void and are not entitled to any respect in any other tribunal. The order and decree of the Surrogate's Court are clearly void. (*Roderigas* v. *East River Savings Institution*, 76 N. Y. 316; *Scott* v. *McNeal*, 154 U. S. 34; *Matter of Killan*, 172 N. Y. 557.)

Finally, appellants contend that in any event the award of compensation to the children of Marie and deceased must be vacated. This contention is likewise untenable.

The four children born to Marie and decedent were acknowledged by the latter, and consequently are dependents within the meaning of subdivision 11 of section 2 of the Workmen's Compensation Law. A cause of action for injuries resulting in death, prosecuted by an administratrix against a third party is for the benefit, not of dependents as defined by the Workmen's Compensation Law, but of next of kin as defined by sections 133 and 134 of the Decedent Estate Law. The two classes are not invariably nor perhaps com-

monly the same. (*Matter of Zirpola* v. *Casselman, Inc.*, 237 N. Y. 367.) Caterina is the only person who had an interest in the cause of action against the third parties. The children in question are not next of kin of the deceased nor distributees of his estate. They are not entitled to share in the recovery in the third-party action. Illegitimate children may inherit only from their mother provided she has no lawful issue. (Dec. Est. Law, § 83, subd. 13.) Dependents who are not next of kin and who are, therefore, without beneficial interest in the cause of action against the third party, are not put to an election, since they have nothing to elect or assign, and so may make claim for compensation unhampered by the choice of others. (*Matter of Zirpola* v. *Casselman, Inc., supra.*) The election made by the mother on behalf of her children is worthless. No action on her part can defeat the right of such children to compensation.

The awards should be affirmed, with costs to the State Industrial Board against appellants.

HILL, P. J., RHODES and CRAPSER, JJ., concur; McNAMEE, J., concurs in the result.

Awards affirmed, with costs to the State Industrial Board.