Van Yooehis, J. (dissenting).
Appellants are distributors of food products in New York City and Long Island of Lorenz-Schneider Co., Inc., hereafter called Lorenz. They bought these distribution franchises together with certain tangible personal property from Lorenz, on conditional sale contracts, for purchase prices aggregating over $66,000. Their good faith has not been questioned, nor is it disputed that except for circumstances hereafter mentioned the contracts of purchase are valid and represent legally enforcible contracts for the sale of property under the terms of which the purchasers have taken possession. Although they were never parties to any legal action or arbitration proceeding, and have had no day in court or arbitration, they are confronted with a judgment obtained by a labor union known as Teamsters Local 802 against Lorenz, which decrees that these distribution franchises or routes be returned to Lorenz which is commanded to run such routes with its own employees. This judgment was obtained on the ground that Lorenz and Teamsters Local 802 had entered into a collective bargaining agreement preventing Lorenz from selling these route franchises, and that the transfers made to appellants severally were invalid as in violation of that contract. This appeal does not concern whether the arbitrator construed the labor contract correctly, but whether appellants were entitled to participate in the arbitration proceedings or to be heard before some other tribunal in order to assert what they claim to be their rights. That their contention is not frivolous may be discerned from reading the closely reasoned eight-page opinion of the arbitrator, in deciding in favor of the union against appellants’ vendor Lorenz. They contend that the arbitrator placed a strained construction upon the labor contract and that a different result might have been reached if they had been heard to protect their interests before the arbitrator or in court. They were not parties to any arbitration agreement or submission, received no notice that it was being conducted and did not appear therein. Later they moved to vacate the award, *8 but the Appellate Division has held that “ Not being parties to the arbitration or to the agreement upon which it was held, such individual petitioners have no standing to move to vacate the award ’ \
Although the judgment appealed from declares that appellants “ are not bound by the judgment of this court dated June 5, 1961 which directed defendant, Lorenz-Schneider Co., Inc. to restore certain bakery sales routes ”, so much of the complaint as sought injunctive relief was dismissed, with leave to appellants to serve an amended complaint to recover damages against Lorenz for breach of contract of sale. The net result is a declaration that appellants are legally required to surrender their property rights under their contracts of purchase from Lorenz, without having had opportunity to litigate the question in arbitration or in court, but may sue their vendor for damages. It is transparently clear that damages is an inadequate remedy. The inconsistency in the declaratory judgment from which this appeal is taken is shown by the circumstance that it declares that appellants are not bound by the judgment entered upon the arbitration award, but at the same time are obliged to surrender their delivery routes. They could not be compelled to give up what they bought under these conditional sales contracts unless they were bound by the arbitration award and the judgment entered thereon. They could not be confined to the remedy of damages unless the arbitration had binding effect upon them. Appellants assert that, right or wrong, the award and judgment could have no effect upon them unless they had opportunity to be heard to protect their legal position. They could have no right to damages unless their contracts were effectual. By the same token, if their contracts were binding they could not be deprived of what they had obtained under them without opportunity to participate in the litigation.
Unless jurisdiction has been obtained of the person as well as the subject matter (Ferguson v. Crawford, 70 N. Y. 253), “ the judgment is not due process of law and is ineffectual for any purpose.” (Matter of Battalico v. Knickerbocker Fireproofing Co., 250 App. Div. 258, 261.) Not only is a constitutional question thus clearly presented, on account of which the appeal cannot be properly dismissed, but also appellants are entitled to judgment declaring that the arbitration award and judgment *9 have no operative effect upon them and that they are entitled to litigate in some forum whether the collective bargaining agreement precluded Lorenz from selling to them what they bought.
Except for the arbitration clause in the collective bargaining agreement, no one would question that appellants would have been indispensable parties to any action or proceeding in court to set aside these conditional sales contracts or to obtain the restoration of any property covered by them. Subdivision 1 of section 193 of the Civil Practice Act states that ‘ ‘ A person whose absence will prevent an effective determination of the controversy or whose interests are not severable and would be inequitably affected by a judgment rendered between the parties before the court is an indispensable party.” It is settled law that an effective determination of a controversy cannot be had when there are persons, not parties, whose rights must be determined at the same time that the rights of the parties to the action are determined (Steinbach v. Prudential Ins. Co., 172 N. Y. 471, 478). If the judgment entered on the arbitration award is to be effectual, appellants are the parties upon whom it is to act if it is to serve its purpose. The anomaly of this situation is illustrated by the circumstance that Lorenz has been found guilty of contempt of court for not repossessing these routes and servicing them with its own employees, while appellants (who could not be proceeded against for contempt for the reason that they were not parties) retain the books containing the names and addresses of the customers on these routes and other property which Lorenz requires if it is to do what the decree purports to require. When the arbitrator, and subsequently the court attempting to enforce the award, reached out to adjudicate the title of these appellants and directed specific performance of acts which could only be performed by them by mandating the taking of their property, they were indispensable parties to the controversy.
The foregoing may be tacitly admitted by the majority opinion, which appears to be based on the concept that appellants were represented in the arbitration proceeding by their adversary Teamsters Local 802. The conception that adversary parties can be represented by the same attorney or agent in judicial or quasi-judicial proceedings is difficult to understand. Arbitrations are quasi-judicial proceedings, and independent arbitrators *10 are required to some extent to exercise functions and possess qualifications of Judges (Matter of Milliken Woolens [Weber Knit Sportswear], 11 A D 2d 166, affd. 9 N Y 2d 878; Matter of American Eagle Fire Ins. Co. v. New Jersey Ins. Co., 240 N. Y. 398, 405), and, although the parties to such controversies are not required to be represented by lawyers, those who do represent them are subject to some of the responsibilities of lawyers. If a labor union represents a party to a controversy in arbitration, I am unable to understand how it can deliberately represent conflicting interests whereas if a lawyer were to do so he would be liable to disbarment. Appellants’ interests in this controversy were diametrically opposed to the union, which instituted this arbitration proceeding to dispossess them of what they claimed to be their property in furtherance of the union’s asserted rights. How could the union represent those whom, in effect, it was proceeding against ? It is said that the union acts as agent for its members. Agency is a fiduciary relationship (Byrne v. Barrett, 268 N. Y. 199; Elco Shoe Mfrs. v. Sisk, 260 N. Y. 100). The obligation is similar to that of a trustee, as those decisions point out citing Meinhard v. Salmon (249 N. Y. 458). “In judging the conduct of trustees,” said this court in Matter of Hubbell (302 N. Y. 246, 254), “ the basic consideration is the fiduciary obligation which they owe to all of the beneficiaries whom they represent.” The well-known language was then quoted from the Meinhard case that “Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior. As to this there has developed a tradition that is unbending and inveterate. ’ ’ Under what rational distinction, then, can a labor union represent itself and the opposite side of the controversy in a quasi-judicial proceeding, without even notifying the opposing side that it is pending, when this would be cause for removal- of any other kind of fiduciary? This court recognized in Matter of Soto (Goldman) (7 N Y 2d 397) and in Parker v. Borock (5 N Y 2d 156, 161, 162) that a union is under a “ fiduciary duty ” to its member under such circumstances.
It is said that all of these questions are now foreclosed by Matter of Soto (Goldman) (7 N Y 2d 397, supra). I suggest that in this difficult, complex and controversial field Matter of Soto does not close this controversy but opens it, and that the *11 courts have many miles to go before it will be concluded. Basic principles of law, such as that a party to a controversy cannot represent his adversary, are not easily dislodged nor overruled.
Whatever may be the ultimate reach of Matter of Soto (Goldman) (supra), it cannot apply to the present appeal for the reason that it contradicts the basis on which the arbitrator decided this issue as between the union and Lorenz. The opinion by the arbitrator, the correctness of which on the merits is not at issue on this appeal, is clear. He left no doubt about what he meant, nor concerning the reasons which impelled him to reach that result. He said that it made no difference to his decision whether the purchasers of these delivery routes were members of the union or third parties, saying that “ there are no contractual inhibitions which do not apply with equal force to both classes of purchasers. ’ ’ The arbitrator thus decided the case on the theory that the purchasers of these delivery routes were to be treated in the same manner as though they were third parties and not employees of Lorenz or members of the union. The only possible manner in which the Soto principle could be extended to this situation would be on the theory that in some manner the arbitrator was called upon to adjudicate rights of appellants as union members, under the concept that the union had reserved the right to represent them respecting interests and obligations on their part under the collective bargaining agreement. Under neither the Soto nor the Parker cases (supra) nor any other principle of law did the union have any vestige of authority to represent appellants in respect of an issue that did not concern them as union members but affected them, in the language of the arbitrator, in the same manner as if they were third parties.
For these reasons it seems to me that the judgment appealed from should be reversed and the relief demanded in the complaint granted.
Judges Dye, Fum, Froessel and Foster concur with Chief Judge Desmond; Judge Van Voorhis dissents in an opinion; Judge Burke taking no part.
Appeals dismissed, with costs, upon the ground that no substantia] constitutional questions are directly involved.