LEONA ELLIS ET AL *v.* JOHN H. ELLIS ET AL

5-5652                                     472 S.W. 2d 703

Opinion delivered November 15, 1971

*Anderson & Crumpler,* for appellants and cross-appellees.

*Shackleford & Shackleford,* for appellees and cross-appellants.

CONLEY BYRD, Justice. The sole issue on this appeal is whether Cynthia Scales, an illegitimate child of de-

cedent's sister, is a dependent and foster child within the meaning of the Arkansas Workmen's Compensation statutes for purposes of compensation benefits.

The persons entitled to receive benefits under the Workmen's Compensation Act are set out in Ark. Stat. Ann. § 81-1315 (c) (Repl. 1960) as follows:

"(c) Beneficiaries—Amounts. Subject to the limitations as set out in section 10 [§ 81-1310] of this act, compensation for the death of an employee shall be paid to those persons who are wholly dependent upon him in the following percentage of the average wage of the employee, and in the following order of preference.

First. To the widow if there is no child, thirty-five (35) per centum, and such compensation shall be paid until her death or remarriage.

To the widower if there is no child, thirty five (35) per centum, and such compensation shall be paid during the continuance of his incapacity or until remarriage.

Second. To the widow or widower if there is a child, the compensation payable under the First above, and fifteen (15) per centum on account of each child.

Third. To one child, if there is no widow or widower, fifty (50) per centum. If more than one child, and there is no widow or widower, fifteen (15) per centum for each child, and in addition thereto, thirty-five (35) per centum to the children as a class, to be divided equally among them.

Fourth. To the parents, twenty-five (25) per centum each.

Fifth. To brothers, sisters, grandchildren and grandparents, fifteen (15%) per centum each."

The term "child" in the Workmen's Compensation statute is defined by § 81-1302 (j) as follows:

"(j) 'Child' means a natural child, a posthumous child, a child legally adopted prior to injury of the employee, a step-child, an acknowledged illegitimate child of the deceased or spouse of the deceased, and a foster child. 'Child' shall not include married children, unless wholly dependent upon the deceased.

(1) 'Grandchild' means a child of a child as above defined.

(2) 'Brother' and 'Sister' means natural brother and natural sister, step-brother and step-sister, half-brother and half-sister, brother and sister by adoption, foster brother and foster sister.

(3) 'Child,' 'Grandchild,' 'Brother' and 'Sister' shall include only persons who, at the time of the death of the deceased, are under the age of eighteen [18] years, unless physically or mentally incapacitated."

The testimony in the record is that decedent Lynn Bird Ellis, age 35, lived with his mother, age 63, his brother L. C. Ellis, age 41, his sister Frances Ellis, age 24 and her illegitimate child, Cynthia Scales, age 1. All of the witnesses testified that the mother Leona Ellis owned the home, paid the bills and ran the house. The mother's only income was $51.00 social security. L. C. Ellis, who was crippled by polio, had some occasional earnings from "shade tree" mechanic work. His contributions to his mother would not exceed his own support. Frances Ellis was also a polio victim that decedent had helped to go to college at A. M. & N. in Pine Bluff for 2½ years. After the birth of her child she worked and contributed $15 to $20 each two weeks. However at the time of decedent's death she was unemployed and living in the home without making contributions. Admittedly Frances took care of her daughter Cynthia when she was living in the home. Mrs. Leona Ellis took care of

Cynthia when Frances was not there. Decedent contributed, according to his mother, $30 cash per month in addition to the personal items he bought for himself. Frank Ellis, another brother, testified that decedent purchased groceries for the family at his store each weekend for which he paid direct. All witnesses testified that decedent did not purchase anything special for Cynthia. Admittedly he did hold the baby some and play with her.

As can be seen from the foregoing statutes a niece or nephew, even though wholly or partially supported by a wage earner, does not qualify for compensation benefits under the statute unless they can be classified as a foster child. The parties in their briefs have sought and argued the definition of a foster child, relying upon cases having to do with persons standing in loco parentis and regulations and pronouncements of the Welfare Department. However it appears to us that one becomes a "foster child" when another person becomes a "substitute parent". Thus we cannot say under the record here there was no evidence to sustain the Commission's finding that Cynthia Scales was not a dependent and foster child for purposes of compensation benefits.

Appellees cross-appeal and contend that the Commission erred in finding that Leona Ellis, the decedent's mother, was 50% dependent upon the decedent at the time of his death. We find no merit in this contention. It was stipulated before the referee that the mother was partially dependent.

Affirmed.