20056

SOUTH CAROLINA SECOND INJURY FUND, Respondent, v.
Lindberg RABB and Frazier Pulpwood Co., Inc., Appellants

(216 S. E. (2d) 761)

*J. Reese Daniel, Esq.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Richard B. Kale, Jr., Asst. Atty. Gen.,* of Columbia, *for Respondent,*

July 9, 1975.

LEWIS, Justice:

This is a Workmen's Compensation case and the appeal involves the right of the Second Injury Fund, established under the Workmen's Compensation Act, to receive a portion of death benefits where the deceased employee left a partial dependent.

Section 72-602 of the 1962 Code of Laws, as amended, established, as a separate State Agency, the Second Injury Fund, from which certain benefits under the Workmen's Compensation Act are paid where an employee who, having a permanent physical impairment, incurs a subsequent disability from injury by accident arising out of and in the course of his employment. The Second Injury Fund is funded, in part, from payments to the Industrial Commission pursuant to Code Section 72-165, as amended.

An employee of the appellant-employer sustained a fatal injury while cutting a tree with a motor saw. The employer admitted liability, leaving for determination those entitled to the death benefits due under the Workmen's Compensation Act. The Industrial Commission found that the only person dependent upon the deceased for support was a granddaughter, to whom he contributed 50% of his wages, and that she was entitled to receive 50% of the death benefits. The Second Injury Fund contended that the death benefits, remaining after the payment to the granddaughter for partial dependency, should be paid to it under the provisions of Code Section 72-165, as amended. The Commis-

sion rejected this contention but was reversed upon appeal to the circuit court. The court held that a proper construction of Section 72-165 required the remaining death benefits to be paid to the Second Injury Fund. The employer has appealed from that decision.

The issue of whether the Second Injury Fund (respondent) is entitled to receive the death benefits remaining after the payments for partial dependency turns upon the construction of Code Section 72-165, as amended by Act No. 1167 of the 1972 Acts of the General Assembly (57 Stat. 2339, 2344).

Section 72-165, as amended in 1972, is as follows:

"If the deceased employee leaves no dependents, the employer shall pay the commuted amounts provided for in § 72-180 for whole dependents, less burial expenses which shall be deducted therefrom, to his father and mother, irrespective of age or dependency. *If the deceased employee shall leave no dependents or mother or father, then his employer shall pay to the deceased's personal representative the actual costs for burial expenses and the administration of the deceased's estate, and to the Commission the commuted amounts provided for dependents under § 72-180, to be expended in accordance with § 72-189.* (Emphasis added).

The employer contends that, under the emphasized portions of the foregoing section, no part of the death benefits could be paid to the Commission (Second Injury Fund) if there were either whole or partial dependents. In other words, it is argued that, if a deceased employee leaves a dependent of any degree, the Second Injury Fund could not receive any part of the death benefits, because the statute says that death benefits shall be paid to the Second Injury Fund if "no dependents or mother or father" are left.

The Second Injury Fund contends, on the other hand, that the legislative intent was to provide for the payment

of death benefits to it in the event of either whole or partial dependency, and that this becomes evident when all of the provisions of Section 72-165 are construed together.

The statutory provision provides that, if the deceased leaves "no dependents," the employer shall pay "to the Commission the commuted amounts provided for dependents under § 72-180." Section 72-180 sets forth the amount of death benefits to be paid to whole dependents and to partial dependents. While the first part of the sentence in question would appear to limit payments only to cases where there were "no dependents," the last part thereof, requiring payment of the amount provided for dependents under Section 72-180, indicates that payments were contemplated in the event of both whole and partial dependency.

In view of the conflicting constructions which may be placed upon the statutory language, it must be construed in the light of the intended purpose of the statute; and the construction adopted that will accomplish the legislative intent.

Prior to the 1972 amendment, Section 72-165 made provision, in general, for the payment of death benefits to the next of kin, when a deceased employee left no dependents. It is evident that the principal purpose of the 1972 amendment was to provide an additional source of funding for the Second Injury Fund; and this was accomplished by eliminating payments to next of kin, except the mother and father, and substituting the Second Injury Fund as the recipient of the funds formerly paid to the next of kin. This purpose was clearly evidenced by the title to Act No. 1167, which stated, in part, that it was "An Act to amend . . . , 72-165, . . . , relating to Workmen's Compensation benefits, so as . . . to eliminate payment of death benefits to next of kin where there are no dependents, *provide for payment of funds into the Second Injury Fund in lieu of the next of kin benefits* and to repeal Sections 72-15 and 72-164, relating to payment of death benefits to next of kin." (Emphasis added).

It is clear that the Legislature intended, by the 1972 amendment, to reduce the class of claimants under Section 72-165 and thus increase the funds available to the Second Injury Fund. The lower uocrt correctly points out that "nowhere does the Legislature demonstrate an intent to reduce the liability of employers from that which existed prior to the amendment." However, if the employer's construction of the statute were adopted, the amount of liability would be reduced in cases of partial dependency.

The lower court correctly construed Section 72-165, as amended in 1972, to require the payment by the employer of the remaining death benefits, after payment for partial dependency, to the Second Injury Fund.

We point out that Section 72-165 was amended in 1974 by Act No. 1049 of the 1974 Acts of the General Assembly, 58 Stat. 2237, 2242, so, as to secure the payment of death benefits, in cases of partial dependency, as ordered herein.

Judgment affirmed.

Moss, C. J., and BUSSEY, LITTLEJOHN and NESS, JJ., concur.