ENGLAND, Justice.
This case is here on petition for writ of certiorari to the Industrial Relations Commission. The petitioners seek review of an order reversing the determination of the Judge of Industrial Claims that the mother and four minor siblings of a deceased employee were his dependents under Section 440.16, Florida Statutes (1973).[1]
Hugh Dorsey Ledger was the self-supporting son of a closely knit rural family, consisting of a disabled father, a mother and decedent’s four minor brothers and sisters. After he left home to live on his own, decedent continued to send his father funds and to pay family bills equivalent to $40 a week. The Judge of Industrial Claims found that these payments were expected to continue indefinitely and that the family’s subsistence level of living depended in part on them. Decedent’s weekly contribution was added to a “family pot” managed by the father, to which there was also added the father’s weekly earnings of $100, his mother’s weekly earnings of $40, one minor brother’s weekly contribution of $14, and another brother’s $35 weekly contribution. The Judge analyzed the expenses of the family and found that decedent’s contribution accounted for one-fifth to one-sixth of the operating costs of the household, and was therefore essential for the family’s subsistence. The Judge ruled that decedent’s parents were eligible for current dependency benefits, and that the minor children were eligible for contingent benefits if either parent died during their minority.
On review of the Judge’s order, the Commission ruled that the mother was not dependent on the decedent, but rather on the father, because decedent’s weekly payments were made to the father rather than to her. The Commission acknowledged, however, the interdependence of all members of the household on the “family pot”. The Commission also eliminated the contingent rights of decedent’s minor siblings to future benefits.
As to the status of the decedent’s mother, the Commission erred in not following our decision in Floriland Farms Inc. v. Peterman, 131 So.2d 477 (Fla.1961). The facts in that case were virtually identical to the situation before us, and the rule of law there developed is applicable here. Decedent’s mother is, under that decision, a dependent under Section 440.16.
With respect to the decedent’s siblings, the Commission also erred in reversing the Judge’s award of contingent benefits. Their status as dependents was not raised before the Commission by any assignment of error, and under Section 440.-25(4) (a), Florida Statutes (1973), the Commission was obliged to confine its re *5 view to the points raised by the parties. Westinghouse Electric Supply Co. v. Reagan, 159 So.2d 222 (Fla.1963).
On both points, the Commission ignored the essential requirements of law. Certio-rari is granted, the Commission’s order is reversed, and the order of the Judge of Industrial Claims is reinstated. Petitioners’ counsel is awarded $500 for services performed in connection with our review of the Commission’s order.
OVERTON, C. J., and ROBERTS, ADKINS, SUNDBERG and HATCHETT, JJ., concur.
BOYD, J., dissents.

. Section 440.16 provides that if any employee dies, then the employer shall pay: “(2) Compensation ... to the following persons entitled thereto on account of dependency upon the deceased and in the following order of preference . . (e) To the parents, twenty-five per cent to each, such compensation to be paid during the continuance of dependency, (f) To the brothers, sisters and 'grandchildren, fifteen per cent for each . . . .”