SHAW, Judge.
This is an appeal from a workers’ compensation order awarding compensation benefits under § 440.16, Florida Statutes (1975), to Mr. and Mrs. Evans, standing in the place of the deceased employee’s parents.
The employee, LeRoy Bunns, died at the age of 17 in a work-related accident. Le-Roy had been raised by the Evanses since age 4 in a household which consisted of Mr. and Mrs. Evans, a niece, a cousin, and the child of a niece. ' None of these persons were related to the deceased, and at the time of his death the cousin had moved out of the household.
LeRoy quit school in order to get a job to help out with the family finances, and at the time of his death he had been working at South Florida Grassing for about 4 months, earning an average weekly wage of $194.42, all of which he gave to Mrs. Evans to help defray household expenses. His earnings approximated 36% of the entire household income and Mrs. Evans testified that this money was used to buy groceries and help with household expenses such as the light bill, water bill, and furniture bills. According to Mrs. Evans, the deceased quit school and started working in order to help with the expenses because she and her husband were behind in their bills. It was her testimony that because of the contributions of the deceased, “we can pay the bills and eat and be happy,” and as a result of LeR-oy’s death she was “in badder shape now because I don’t have nobody to help us but my husband.”
The deputy commissioner found that the Evanses were dependent upon LeRoy at the time of his death. In reaching his conclusion the deputy utilized the 6-point dependency test established in MacDon Lumber Co. v. Stevenson, 117 So.2d 487 (Fla.1960). The deputy recognized in his order that the three “foster” daughters living in the Evans household could not be considered sisters of the deceased for the purpose of determining dependency under Chapter 440, and before reaching a conclusion that LeRoy’s contributions enabled Mr. and Mrs. Evans to maintain or upgrade their standard of living, he specifically excluded the expenses of the family unit which involved the three non-related “foster” daughters. In Urban League of Greater Miami v. Lopez, IRC Order 2-3377 (December 6, 1976), cert. denied, 366 So.2d 883 (Fla.1978), a similar household included members who were not statutory dependents of the decedent. The IRC held in Lopez that the substantiality of the decedent’s contributions should be measured only by the needs of the statutory dependents.
The employer also asks that we interpret § 440.02(14) to require that persons standing in the place of parents be dependent on the deceased for three years preceding the employee’s death. The statute does not lend itself to such an interpretation. The pertinent section provides that the term “parent” includes “any persons who for more than three years prior to the death of the deceased employee stood in the place of a parent to him, and were dependent on the injured employee.” The import of the statute is that the term “parent” shall apply to persons who have met the definition of a parent for more than three years before the death of the employee. Dependency upon the deceased is an additional prerequisite which must exist at the time of the death. We do not read into the statute the requirement that this dependency must exist for the three years preceding the accident or death. The deputy commissioner correctly concluded that the claimants fell within the definition of parents.
The commissioner’s findings are supported by competent substantial evidence and the order is affirmed.
JOANOS, J., concurs.
MILLS, C. J., dissenting with opinion.