MILLS, Chief Judge,
dissenting.
In my judgment the award of workers’ compensation dependency benefits under Section 440.16, Florida Statutes (1975), to persons who stood in the place of parents to the deceased employee should be reversed because there was no competent substantial evidence to support, the deputy commissioner’s finding that they were actually dependent at the time of the employee’s death.
The deceased employee, known as LeRoy Bunns, died at the age of 17 in a work-related accident. Katie and Johnson Evans, the claimants, were not legally related to Bunns but had raised him since he was about 4 years old.
The evidence shows that the Evanses never had any children of their own, but they raised Bunns, a niece, a cousin, and the child of a niece. All of the others lived with the Evanses at the time of Bunns’ death, except the cousin who was 18 and apparently had just moved out and gotten her own job. Bunns was not related to any of the people of the household by blood.
The evidence supports a finding that he quit school in order to get a job and help out with the family finances. He had been working at South Florida Grassing for about four months at the time of the accident. He got paid once a week and always cashed his check on the way home and gave all of the money to Mrs. Evans. Mr. Evans likewise gave his entire paycheck to her and she managed all of the household’s finances. Mr. Evans made $17,000 to $18,000 a year and Bunns made an average weekly wage of $194.42. Expressed in percentages, Bunns made approximately 56% of the amount Mr. Evans made and his contribution consisted of 86% of the household income.
The testimony reveals that Bunns’ financial contribution to the household finances did not make a significant difference in lifestyle of the household in the sense of the provision of housing, food, clothing, and other necessities. Rather, the way in which it did make a difference, based on the testimony, is that the household was able to pay off debts.
As to whether they had made any purchases they would not otherwise have made, Mrs. Evans said that he only worked for four months and asked how could they get involved in new purchases over such a short period of time. The only other specific factor testified to as to change in lifestyle was that while LeRoy was working, Mr. Evans was able to go to the dog track once or twice a week and after LeRoy died he was unable to go at all. In the order the deputy commissioner specifically found that Bunns made regular contributions to the household and that there was a reasonable expectation that these contributions would continue and there was no basis to conclude that he had any short term plans to leave. The deputy commissioner specifically stated, “although there was only marginal evidence of any change in lifestyle resulting from LeRoy Bunns’ contributions, Mrs. Evans testified that LeRoy Bunns helped to pay the bills and helped the family ‘eat and be happy.’ ”
The deputy commissioner found Mr. and Mrs. Evans to be dependent upon LeRoy Bunns at the time of his accident, referring to MacDon, 117 So.2d 487 (Fla.1960), and the six criteria for dependency therein, and Ledger v. Geiger-Jones Construction Co., 329 So.2d 3 (Fla.1976), to the effect that a contribution of Vs to Vfe of the household operating costs created dependency status.
The criteria set forth in MacDon by which claims for dependency benefits must be measured are as follows:
1. That the claimant is ... actually a dependent;
2. That the dependency existed at the time of the death of the employee;
3. That the deceased employee must have actually made substantial contributions toward the support of the claimant, an expectation of future contributions not being enough;
4. That such contributions must have been regularly made with reasonable expectation that they would continue to be made in the future;
*96 5. That if the contributions are made by a child to a parent with whom the child is living and from whom the child is receiving board, lodging, or other accommoda,-tions of value, it must be shown that the contributions paid the parent exceed, in substantial amount, the reasonable value of the board, lodging, or other accommodations received by the child from the parent; and
6. That what is a substantial contribution sufficient to create actual dependency must in each instance be determined by the extent to which the contributions of the deceased employee enabled the dependent to maintain his or her accustomed standard of living.
In Ledger, supra, the Supreme Court reviewed a dependency determination where the decedent was survived by his disabled father, his mother, and four minor siblings. He sent $40 per week to the family. Using a “family pot” analysis, the Judge considered all the moneys contributed by the various family members, analyzed the group’s expenses and concluded that the decedent’s contribution which constituted xk to Ve of the operating costs of the household, was essential for the family’s subsistence and awarded dependency benefits. The Court upheld the Judge’s ruling.
If the deceased employee in this case had been related to the other minor members of the household, I would agree that under Ledger the evidence would support the finding of the deputy commissioner. Since he was not, however, the needs and expenses of the other minor members should be excluded from consideration because those persons are not among those permitted by Section 440.16 to be considered as his dependents.
A case more nearly on point with the fact situation in the instant case is Urban League of Greater Miami v. Lopez, IRC Order 2-3377 (December 6, 1976), cert. denied, 366 So.2d 883 (Fla.1978). There, the Industrial Relations Commission pointed out the fallacy of using a “family pot” approach where some of the members of the household are not statutory dependents of the decedent. The Lopez household consisted of the mother and father, five minor siblings, three adult siblings, and one mother-in-law. Although the Judge in Lopez erred in a way not applicable here by considering only the parents’ and the decedent’s earnings in determining the contribution to the “family pot”, but considering the flexible household expenses of all the members of the household in determining the substantiality of the decedent’s contributions, the rule announced concerning the weighing of the role of nondependents is applicable. The Commission stated:
The Judge erred in including certain expenses of the nonstatutory dependents in the household in arriving at a finding decedent’s contribution was essential for the family’s subsistence. The substan-tiality of decedent’s contribution should have been measured only by the needs of the statutory dependents, the parents and minor siblings, to determine if decedent’s contribution was necessary to enable them to maintain their accustomed standard of living. The evidence establishes the parents income was sufficient for the parents and their minor children. Decedent’s contribution became substantial only when the needs of individuals not included in the statutory definition of dependents were added to the needs of the parents and the minor siblings.
In the instant case, the evidence established that Mr. Evans earned $17,000 to $18,000 per year and that Bunns’ contribution helped the family to eat and be happy. There is no evidence that Bunns’ contributions were necessary to help the Evanses themselves maintain their accustomed standard of living, but only evidence that they were necessary to help the household do so.
Although the deputy asserted in his order that be believed that Bunns’ contributions “would also have been important to maintain the household standard of living” had the family unit consisted only of Mr. and Mrs. Evans and Bunns, this assertion falls short of a finding that his contributions “were necessary”, the term used earlier in the same paragraph regarding the impor *97 tance of his contributions to “all the members of that household unit.”
Accordingly, I would reverse the award of dependency benefits to Mr. and Mrs. Evans.