PER CURIAM.
The employer/carrier appeal an order finding that the deceased worker’s parents are entitled to dependency benefits. We reverse.
The deputy commissioner found that the deceased contributed to a “family pot” and that the family relied on these contributions to maintain its standard of living. Relying on Ledger v. Geiger-Jones Construction, 329 So.2d 3 (Fla.1976), and Floriland Farms v. Peterman, 131 So.2d 477 (Fla.1961), he determined that the parents were dependent upon the deceased worker and entitled to death benefit's under Section 440.16, Florida Statutes (1979).
The flaw in the deputy commissioner’s findings is that the “family pot” supported two nieces of the deceased as well as the worker and his parents. The substantiality of the decedent’s contributions should be measured only by the needs of the statutory dependents, South Florida Grassing v. Bunns, 399 So.2d 93 (Fla. 1st DCA 1981); Urban League of Greater Miami v. Lopez, 366 So.2d 883 (Fla.1978), cert. denied, 366 So.2d 883 (Fla.1978). In South Florida Grassing this Court affirmed an order finding dependency after the deputy commissioner excluded the needs of foster children from his findings. Since nieces are not statutory dependents under Section 440.16, Florida Statutes (1979), they should have been excluded.
The deputy commissioner’s order, which was entered before the South Florida Grassing opinion was released, does not make it clear whether or not he included the nieces in his findings. On remand he *598 may make such findings on the dependency of the parents as are appropriate based on the record before him. If the deputy commissioner is unable to make a finding of dependency, the claim should be dismissed.
REVERSED and REMANDED.
MILLS, WENTWORTH and THOMPSON, JJ., concur.