LARRY G. SMITH, Judge.
We affirm the order of the deputy commissioner denying workers’ compensation death benefits. The facts are that the deceased and appellant, after twenty-three years of marriage, were divorced in 1975. The divorce was occasioned by a desire to force the deceased, an alcoholic, to obtain treatment. While the treatment was in progress the couple continued to reside together on week-ends, and after the treatment was completed, they continued to live together. The deceased supported appellant, they filed joint income tax returns as husband and wife, and generally conducted themselves and held themselves out as husband and wife as prior to the divorce.
Appellant urges that the test for recovery of death benefits is whether appellant was substantially dependent upon her deceased former husband for financial support. Cases from other jurisdictions relied upon by appellants apply the test of dependency on the part of the claimant as the principle criteria for receipt of compensation in death cases.[1] Florida’s act, on the other hand, designates specific classes of beneficiaries, and provides further that they shall be entitled to benefits only if they meet the test of dependency.[2]
Chapter 440 does not define the term “spouse” except in Section 440.02(15):
(15) The term “spouse” includes only a spouse substantially dependent for financial support upon the decedent and living with the decedent at the time of the decedent’s injury and death, or substantially dependent upon the decedent for financial support and living apart at said time for justifiable cause.
Webster’s Third New International Dictionary (1981) defines “spouse” as, “a man or woman joined in wedlock: married person, husband, wife.” Appellant obviously cannot qualify as a legal “spouse,”[3] although she would have been entitled to make this *983 claim prior to January 1, 1968, the date on which the institution of common law marriage in Florida was abolished.[4] We view this legislative expression of the public policy of the State as militating against a more expansive interpretation of the word “spouse” in the context of workers’ compensation proceedings.
AFFIRMED.
ERVIN and SHIVERS, JJ., concur.

.See, for example, Department of Industrial Relations v. Workers’ Compensation Appeals Board, 94 Cal.App.3d 72, 156 Cal.Rptr. 183 (1st Dist.Ct.App.1979); Parkinson v. J & S Tool Company, 64 N.J. 159, 313 A.2d 609 (N.J.1974). Appellant also relies on Burgess Construction Co. v. Lindley, 504 P.2d 1023 (Alaska 1972). However, Alaska Stat. § 23.30.265(15) defines “married” to include a person who is divorced, but is required by the decree of divorce to contribute to the support of his former spouse. In a concurring opinion, Justice Erwin criticized the majority for stretching the statutory definitions too far.

. Compensation for death is payable “on account of dependency upon the deceased,” to the spouse, children, etc. Section 440.-16(l)(b)l., 2., and 3., Florida Statutes. See, South Florida Grassing/Risk Management Services, Inc. v. Bunns, 399 So.2d 93 (Fla. 1st DCA 1981); Lopez v. Urban League of Greater Miami, IRC No. 2-337 (1978), cert. den., 366 So.2d 883 (Fla.1978).

. Section 440.16(6) provides:
Relationship to the deceased giving right to compensation under the provisions of this section must have existed at the time of the accident, save only in the case of afterborn children of the deceased.

. Section 741.211, Florida Statutes (1967).