Alma Jean McCOY on Behalf of George McCOY and James McCOY, Jr., Minors *v.* PRESTON LOGGING, et al.

CA 86-329 728 S.W.2d 520

Court of Appeals of Arkansas
En Banc
Opinion delivered May 6, 1987

*Baim, Gunti, Mouser, Bryant & Desimone*, for appellant.

*Shackleford, Shackleford & Phillips, P.A.*, for appellee.

BETH GLADDEN COULSON, Judge. This appeal is from a decision of the Workers' Compensation Commission reversing the Administrative Law Judge's award of dependency benefits to George McCoy and James Junior McCoy III.[1] The appellant, Alma Jean McCoy, acting on behalf of the two minor children, argues that there is no substantial evidence to support the Commission's finding that the children were not entitled to benefits as dependents of the deceased, James Rogers.

We find substantial evidence to support the Commission's finding that George McCoy and James Junior McCoy III were not the acknowledged illegitimate children of the deceased, James Rogers, but rather, were the legitimate children of Alma Jean McCoy and James McCoy, Jr. However, the appellant makes the additional argument that the children are entitled to dependency benefits as "foster children" of the deceased. While it appears that this argument was not presented to the Administrative Law Judge, and there is no discussion of the issue in the Commission's order, the appellee has conceded that the Commission heard argument by the parties on this point. Because the Commission has failed to set out its findings of fact in this regard, the case must be remanded.

---

[1] Although the style of this case identifies one of the minor children as James McCoy, Jr., he is correctly named on his birth certificate as James Junior McCoy III and will be referred to as such hereafter.

James Rogers died on December 11, 1984, after sustaining an accidental injury which arose out of and in the course of his employment. Alma Jean McCoy testified that she and James Rogers cohabited from early 1970 until the time of the accident, that they were never married, but that she gave birth to four boys during those fourteen years. The appellant also candidly admitted that she was married to James McCoy, Jr., at the time she began cohabiting with James Rogers and that James McCoy, Jr., did not obtain a divorce from the appellant until April of 1975. This appeal concerns only two of the four boys born to Alma Jean McCoy. George McCoy was born on November 18, 1970, and James Junior McCoy III was born on March 29, 1975.

Alma Jean McCoy testified that James Rogers was the father of the boys, that James Rogers had acknowledged that the children were his own, and that James McCoy, Jr., had obtained the divorce because of the relationship between Alma Jean McCoy and James Rogers. Friends and co-workers of the deceased testified that James Rogers had acknowledged that he had four sons and that Alma Jean McCoy was the mother of those boys. The appellant further testified that while the deceased would sometimes help with the rent, groceries, and clothing for the children, he did not furnish too much — "like on a weekend . . . he would give the kids a little spending money and stuff like that."

The birth certificates for George McCoy and James Junior McCoy III show the father to be James McCoy, Jr. The appellant conceded that she signed those certificates and that she was the one who had supplied the information recorded on those birth certificates. The Commission, in reliance upon cases from the supreme court and from this court, found that George McCoy and James Junior McCoy III were the legitimate children of Alma Jean McCoy and James McCoy, Jr., and that they were not entitled to benefits as the dependents of the deceased, James Rogers.

On appeal, this court will affirm the Commission's decision if there is any substantial evidence to support the ruling. We review and interpret the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission. We give the testimony its strongest

probative force in favor of the action of the Commission. To reverse, we must find that fair-minded persons with the same facts before them could not have reached the conclusion arrived at by the Commission. *Franklin Collier Farms v. Chapple*, 18 Ark. App. 200, 712 S.W.2d 334 (1986). The issue on appeal is not whether this court would have reached the same results as the Commission on this record or whether the testimony would have supported a finding contrary to the one made; the question is whether the evidence supports the findings which the Commission made. *Bankston v. Prime West Corp.*, 271 Ark. 727, 610 S.W.2d 586 (Ark. App. 1981).

■■ The statutory provision which sets forth the order of preference for the payment of compensation for the death of an employee to beneficiaries such as widows and children is Ark. Stat. Ann. § 81-1315 (Supp. 1985). Compensation can be paid to a "child" provided that the particular child was wholly and actually dependent upon the deceased employee and the individual comes within the definition of "child" set forth in Ark. Stat. Ann. § 81-1302(j) (Repl. 1976), which provides:

> "Child" means a natural child, a posthumous child, a child legally adopted prior to injury of the employee, a stepchild, an acknowledged illegitimate child of the deceased or spouse of the deceased, and a foster child. "Child" shall not include married children, unless wholly dependent upon the deceased.

■ It is well established that one of the strongest presumptions known to the law is that a child born to a legally married woman is the legitimate child of the husband. *Spratlin v. Evans*, 260 Ark. 49, 538 S.W.2d 527 (1976). The presumption is so strong that it can only be rebutted by the strongest type of evidence — such as conclusive evidence of the husband's impotency, or nonaccess between the parties at the time of conception. 260 Ark. at 55.

■ The appellant's testimony that James Rogers was the father of the two boys bastardizes children presumed legitimate by the foregoing presumption; as such, the testimony is incompetent. *Bankston v. Prime West Corp.*, 271 Ark. 727, 610 S.W.2d 586 (Ark. App. 1981). Also, the testimony of the friends and coworkers is legally insufficient to overcome the presumption.

*Estate of Wright* v. *Vales*, 1 Ark. App. 175, 613 S.W.2d 850 (1981). Excluding the appellant's testimony and recognizing that the testimony of the friends and co-workers is insufficient, we are left with the unambiguous information recorded on the birth certificates and with the fact that the children were born to Alma Jean McCoy prior to her divorce from James McCoy, Jr. In light of these facts, the Commission correctly determined that George McCoy and James Junior McCoy III were not the acknowledged illegitimate children of the deceased, James Rogers, but rather, were the legitimate children of Alma Jean McCoy and James McCoy, Jr.

In her brief before this court, the appellant argues that if we find that the two boys were not "technically" the acknowledged illegitimate children of the deceased, James Rogers, there is ample evidence that they were "foster children" in that James Rogers was their substitute parent. *Ellis* v. *Ellis*, 251 Ark. 431, 472 S.W.2d 703 (1971). The appellee contends that the issue is not properly before this court because it was not presented to the Administrative Law Judge and was not discussed in the Commission's order. It is conceded, however, that the Commission heard argument by the parties on this point.

 Commission Rule 25(b), which relates to the scope of review on appeal to the Commission, provides as follows:

All legal and factual issues should be developed at the hearing before the Administrative Law Judge or single Commissioner. The Commission may refuse to consider issues not raised below.

In *American Transportation Co.* v. *Payne*, 10 Ark. App. 56, 661 S.W.2d 418 (1983), this court noted that Rule 25 does not preclude the Commission from reviewing issues not appealed from or not raised at the administrative law judge level if it so chooses. 10 Ark. App. at 61. The Commission reviews cases appealed from the administrative law judge level *de novo*, and the duty of the Commission is not to determine whether there was substantial evidence to support the Administrative Law Judge's decision; rather, it must make its own findings in accordance with a preponderance of the evidence. Hence, while the Commission has the statutory authority to require that parties specify in their notice of appeal to the Commission all issues to be presented, this

does not negate the Commission's authority to hear argument on other issues. In the present matter, the Commission exercised its discretion to hear argument on the foster child issue but failed to set out its findings on that issue.

We have previously emphasized that the review function of this court becomes meaningless if in its order the Commission fails to set out its findings of fact and the evidence in support of those findings. *Wright* v. *American Transportation*, 18 Ark. App. 18, 709 S.W.2d 107 (1986). We do not deem a full recitation of the evidence to be required, so long as the Commission's findings include a statement of those facts the Commission finds to be established by the evidence in sufficient detail that the truth or falsity of each material allegation may be demonstrated from the findings. The Commission's statement must contain the specific facts relevant to the "contested issue or issues" so that this court may determine whether the Commission has resolved those issues in conformity to the law. *Wright, supra.*

Because the Commission elected to hear argument by the parties on the foster child issue but failed to set out its findings in that regard, we are not in a position to make a meaningful review on this point. Therefore, we remand and leave to the Commission's discretion (1) whether to decide this issue on the record as has been made or on a record that includes additional evidence and (2) whether to accept new briefs or hear new arguments. Within a reasonable period of time, the Commission shall certify its findings on this issue to this court.

Remanded.