1502

SOUTH CAROLINA SECOND INJURY FUND, Appellant v. Charlotte YOUNG, Respondent. In re Tom E. McDANIEL, Deceased Employee; Josephine Alston, Vivian Alston, David Earl Alston, Lessie Lee Brittingham, Roberta Brittingham, and Mary Brittingham, Children; Charlotte Young; South Carolina Second Injury Fund, Claimants v. JANNOCK LTD., Employer, and Hartford Accident and Indemnity Company, Carrier, Defendants.

(392 S.E. (2d) 807)

Court of Appeals

---

*Edgar W. Dickson,* Columbia, *for appellant.*

*Frederick Zeigler* and *Hugh S. Roberts,* Columbia, *for respondent.*

Heard April 10, 1990.

Decided May 29, 1990.

GOOLSBY, Judge:

The questions presented by the South Carolina Second Injury Fund in its appeal from the circuit court's order

affirming an award of death benefits to the respondent Charlotte Young are whether a niece of a deceased employee may qualify as a dependent under the South Carolina Workers' Compensation Act and, if so, whether the finding by the South Carolina Workers' Compensation Commission that Young was a niece wholly dependent on a deceased employee for her support is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. We affirm.

## I.

The Second Injury Fund maintains that a niece of a deceased employee may not be considered a person wholly dependent on the deceased employee for support because, as best we understand its argument, a niece is nowhere listed in the South Carolina Workers' Compensation Act as a person who may be considered as a dependent. This contention has no merit whatever. Indeed, the Supreme Court put it to rest in *Day v. Day*, 216 S.C. 334, 58 S.E. (2d) 83 (1950). There it said:

> It is generally held that unless a Workmen's Compensation Act specifically sets forth who shall be considered wholly or partially dependent on the earnings of an employee, dependency and the extent thereof are to be determined as questions of fact in accordance with the facts as they exist at the time of the injury to the employee.
>
> Our Act does not define dependency, and does not specifically indicate who are dependents, except the designated persons who are conclusively presumed to be wholly dependent upon the deceased employee. Stated generally, a dependent is one who looks to another for support and maintenance; one who is in fact dependent— one who relies on another for the reasonable necessities of life.

216 S.C. at 342, 58 S.E. (2d) at 86-87.

In the 40 years since *Day* was decided, our Act still does not define dependency, still does not list who may be dependents, and still only designates those persons who are conclusively presumed to be wholly dependent upon a deceased employee. *See* S.C. CODE ANN. § 42-9-110 (1976)

("A surviving spouse or a child shall be conclusively presumed to be wholly dependent for support on a deceased employee."); *id.* § 42-9-120 ("In all other cases questions of dependency . . . shall be determined in accordance with the facts as the facts may be at the time of the accident. . . ."). Until our Act is changed, then, a niece of a deceased employee may ordinarily qualify for compensation as a dependent. *See* 81 Am. Jur. (2d) *Workmen's Compensation* § 212 at 871 (1976) ("Under most of the compensation acts, a nephew or niece of a deceased employee may be entitled to compensation as a dependent."); 99 C.J.S. *Workmen's Compensation* § 145 at 509 (1958) ("Generally, unless excluded by the terms of the statute, nephews and nieces who are members of the family or household of the deceased employee may be entitled to recover compensation on the death of the employee, provided dependency in fact is shown."); *but see Ashton Utilities & Septic Tank Co. v. Irwin,* 410 So. (2d) 597 (Fla. Dist. Ct. App. 1982) (in Florida, nieces are not statutory dependents); *Ellis v. Ellis,* 251 Ark. 431, 472 S.W. (2d) 703 (1971) (in Arkansas, a niece is not included among the beneficiaries qualified to be dependents under workers' compensation statutes even if found wholly or partially dependent for support on the deceased employee).

But the Second Injury Fund points us to *South Carolina Second Injury Fund v. Rabb,* 265 S.C. 36, 216 S.E. (2d) 761 (1975), and claims *Rabb* supports its argument that the General Assembly in 1972, by amending what was then Section 72-165 and is now Section 42-9-140 of our code, reduced the class of persons who could claim as dependents thereunder. *See* 57 STAT. Act No. 1167 § 7A at 2344 (1972) (amendment to "Section 72-165 of the 1962 Code" relating to the payment of death benefits under the Workers' Compensation Act when the deceased leaves no dependents). The Second Injury Fund, however, misreads *Rabb* and the 1972 amendment.

The 1972 statute merely eliminated payments to certain *next of kin. Rabb,* 265 S.C. at 40, 216 S.E. (2d) at 763; *see* 57 STAT. *supra* at 2339 ("An Act To Amend Section[ ] . . . 72-165 . . . To Eliminate Payment Of Death Benefits To Next Of Kin Where There Are No Dependents. . . ."); CODE OF LAWS OF SOUTH CAROLINA § 72-165 (1962), *amended by* 57

STAT. *supra* § 7A at 2344 ("If a deceased employee leaves no dependents, the employer shall pay to the next of kin . . . the commuted amounts provided for in § 72-180 for whole dependents, less burial expenses which shall be deducted therefrom. . . . For the purpose of this section the term *"next of kin"* shall include only the father, mother, widow, child, brother or sister of the deceased, irrespective of age or dependency."). It in no way restricted the class of persons who could claim as *dependents. See Battalico v. Knickerbocker Fireproofing Co.,* 250 App. Div. 258, 294 N.Y.S. 481 (1937) ("dependents," as defined by the Workmen's Compensation Law, and "next of kin," as defined by the Decedent Estate Law, are not synonymous classes); *cf. Cokeley v. Robert Lee, Inc.,* 197 S.C. 157, 14 S.E. (2d) 889 (1941) (dependents take in preference to the next of kin).

## II.

We likewise find no merit to the Second Injury Fund's contention that the commission's finding that Young was wholly dependent on the deceased employee is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. *See Brown v. Ryder Truck Rental,* — S.C. —, 389 S.E. (2d) 161 (Ct. App. 1990) (courts will not disturb the factual findings of the Workers' Compensation Commission unless they are clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record).

Tom McDaniel was Young's uncle. Young, who was 55 or 56 years old when McDaniel died, moved into a mobile home on the McDaniel family's homeplace in 1969. McDaniel moved into a mobile home beside Young's several months later. About a year before McDaniel died, Young quit work because of poor health. She testified McDaniel told her "to go ahead on and quit and he would take care of [her] home and his home." Afterward, the evidence shows, McDaniel was her only source of income and the person on whom she depended for transportation and for payment of all her expenses.

Because no hard and fast rule can be laid down as to what constitutes actual dependency and because the question of dependency, as the *Day* case says, is one of fact, each case must rest and be determined on its own particular facts and

circumstances. 81 Am. Jur. (2d) *supra* § 187 at 851. Here, the particular facts and circumstances support the commission's finding of dependency. *Day v. Day, supra; see* 2A LARSON, WORKMEN'S COMPENSATION § 63.11(a) at 11-106-107 (1989) ("Actual dependency is normally demonstrated by adducing evidence that the claimant was in fact dependent on the decedent during the period preceding the employee's death.").

Affirmed.

SHAW and BELL, JJ., concur.