OPINION OF THE COURT
Memorandum.
Ordered that the judgment, insofar as appealed from, is affirmed, without costs.
On August 7, 2002, Debra L. Liva, a Texas resident, was injured in an automobile accident in Texas. Pursuant to three funding agreements entered into in 2004 and 2005, Liva received from petitioner Pre-Settlement Finance, LLC (PSF) three cash advances against the prospective proceeds of her pending personal injury action. The first two agreements contained binding arbitration clauses and set Richmond County, New York, as the place of arbitration. The third agreement designated New York as the forum for any litigation arising out of the agreement. At the time she entered into those agreements, Liva was represented by a Texas attorney, Jeffrey D. Waren, Esq., who signed an acknowledgment as her attorney that he had explained to her the terms of the agreements, and he agreed to pay any sums due to PSF out of any proceeds which he received on her behalf. The personal injury action was referred to the Texas law firm of respondent Gene Toscano, Inc., was handled primarily by Texas attorney respondent Andrew E. Toscano, a principal and employee of the firm, and was settled for $350,000 by Toscano and the Toscano firm (collectively, the Toscanos) some time before February 16, 2006. After PSF was not paid its portion of the settlement, pursuant to the terms of the funding agreements, it commenced an arbitra *78 tion proceeding in Richmond County, naming Liva, Waren and the Toscanos as respondents. Shortly thereafter, PSF commenced an action in the Supreme Court, Richmond County, seeking, among other things, to compel arbitration. The Tosca-nos commenced an action in the County Court, Bexar County, State of Texas (the Texas state action), in which they sought to resist the New York arbitration. By order entered on default, the Supreme Court, Richmond County, permanently restrained the Toscanos from litigating the pending Texas state action and compelled them to participate in the pending New York arbitration proceeding. The Toscanos also commenced an action against PSF and PSF’s counsel in the United States District Court for the Western District of Texas (the Texas federal action), in which they alleged violations of the United States Fair Debt Collection Practices Act (15 USC § 1692 et seq.) and the Texas Fair Debt Collection Practices Act (Texas Fin Code Ann § 392.001 et seq.), and sought a declaratory judgment that they were not subject to binding arbitration in New York. PSF and PSF’s counsel moved for summary judgment in the Texas federal action based upon the aforementioned Supreme Court, Richmond County, order (which stated that the Toscanos were bound by the arbitration agreements, that the New York courts and arbitrator had personal jurisdiction over the Toscanos, and that the Toscanos’ causes of action in the Texas federal action were subject to arbitration). As the Toscanos failed to raise a triable issue of fact regarding the issue of personal jurisdiction, the motion was granted and the Texas federal action was dismissed in 2009.
During the course of the arbitration proceeding, Waren paid PSF $10,000 in full settlement of PSF’s claim against him, and the arbitration against him was dismissed. Liva appeared at the arbitration proceeding, but the Toscanos did not. On April 2, 2008, the arbitrator ruled in favor of PSF and against Liva and the Toscanos, and awarded PSF the principal sum of $39,566.87, plus additional fees and interest.
PSF commenced the instant proceeding to confirm the arbitrator’s award in the Supreme Court, Richmond County, and the proceeding was transferred to the Civil Court pursuant to CPLR 325 (d). The Toscanos sought vacatur of the award, pursuant to CPLR 7511 (b) (1) (iii), primarily on the ground that the arbitrator had “exceeded his power” in rendering an award in the absence of personal jurisdiction over them. By order entered May 28, 2010, the Civil Court granted PSF’s peti *79 tion to confirm the award and denied vacatur. A judgment in the principal sum of $39,566.87 was entered against Liva and the Toscanos. We deem this appeal by the Toscanos from the order to be from the judgment, insofar as entered against them (CPLR 5512 [a]).
“[A] defendant who has a defense predicated on a lack of in personam jurisdiction may pursue one of two options: either litigate the issue in the main action or decline to appear and accept a default judgment, deferring litigation of the issue until a proceeding is brought to enforce the judgment and mounting a collateral attack at that time” (Boor-man v Deutsch, 152 AD2d 48, 54 [1989]).
Notwithstanding the foregoing, the issue of lack of jurisdiction may not be raised by any party to an action when the determination of jurisdiction depends on facts that were actually litigated (see 29 NY Jur 2d, Courts and Judges § 565).
“The want of jurisdiction to render the particular judgment may always be asserted and raised directly or collaterally, either from an inspection of the record itself when offered in behalf of the party claiming under it, or upon extraneous proof, which is always admissible for that purpose. There is but one solitary exception to this rule, and that is in a case where jurisdiction depends on a fact that is litigated in a suit and is adjudged in favor of the party who avers jurisdiction” (Matter of Battalico v Knickerbocker Fireproofing Co., 250 App Div 258, 261 [1937]).
Both PSF and the Toscanos appeared in the Texas federal action, where the issue of personal jurisdiction was addressed. In that case, PSF moved for summary judgment dismissing the action, and the Toscanos opposed the motion claiming, among other things, that the New York court lacked personal jurisdiction over them because there was a lack of minimum contacts with New York. The Texas federal court found, however, among other things, that the Toscanos had failed to meet their burden of raising a triable issue of fact as to a lack of personal jurisdiction in the Richmond County action, when faced with the “facially valid” Supreme Court, Richmond County, order holding that personal jurisdiction had been acquired over the Tosca-nos. The Texas federal court noted that the Toscanos merely alleged a lack of personal jurisdiction due to a lack of minimum contacts, without presenting any evidence, “not even an affida *80 vit,” to raise any factual question that the New York State court lacked personal jurisdiction.
As the issue of lack of personal jurisdiction has already been litigated in the Texas federal court, it can no longer be collaterally attacked in this litigation. Accordingly, the judgment, insofar as appealed from, is affirmed.
Pesce, EJ., Weston and Rios, JJ., concur.